**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| THOMAS L. WELCH,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH A. MILLER, III, *et al.,*<br><br>Millers. | CASE NO. 1:26-CV-01469<br><br>JUDGE J. PHILIP CALABRESE |

**DEFENDANT JOSEPH A. MILLER, III'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure and the terms of the Court's Civil Standing Order, Miller, Joseph A. Miller, III ("Defendant" or "Miller"), hereby submits the following Answer to the Complaint filed by Plaintiff Thomas Welch ("Plaintiff" or "Welch"). All allegations not expressly admitted herein are denied.

**ANSWER**

Defendant hereby answers the allegations in the numbered paragraphs of the Complaint as follows:

[Nature of the Action]

1. Miller admits that Plaintiff is alleging claims for alleged First Amendment violations under 42 U.S.C. § 1983, but denies the remaining allegations of Paragraph 1 of the Complaint.

2. Miller admits that he inadvertently and accidentally blocked Plaintiff from posting on the "Joe Miller for Ohio" Facebook page on or about Friday, November 14, 2025, and further admits that the block was promptly removed on the morning of Monday, November 17, 2025. Except as admitted herein, the remaining allegations of Paragraph 2 of the Complaint are denied.

3. Miller admits that the inadvertent and accidental block temporarily prevented Plaintiff from interacting with the "Joe Miller for Ohio" Facebook page for a brief period of time, but denies the remaining allegations of Paragraph 3 of the Complaint.

4. Miller admits that Plaintiff's Complaint requests prospective declaratory and injunctive relief, damages, costs, and other relief, but denies that Welch is entitled to any of the relief requested in the Complaint. Except as admitted herein, the remaining allegations of Paragraph 4 of the Complaint are denied.

[Parties]

5. Miller admits that Plaintiff is an adult resident of Lorain, Ohio, but denies remaining allegations of Paragraph 5 of the Complaint for lack of information and knowledge.

6. Miller admits that he is currently a State Representative for House District 53 in the Ohio House of Representatives, and that his constituents include residents of Lorain County, Ohio. Miller further admits that the telephone number for his State Representative office is (614) 466-5141. Miller further admits that the Complaint alleges claims for damages in his individual capacity and claims for prospective declaratory and injunctive relief in his official capacity, but denies that Plaintiff is entitled to any damages or any prospective declaratory and injunctive relief. Except as admitted herein, the allegations of Paragraph 6 of the Complaint are denied.

7. Miller admits that one of his staff members called Welch on the morning of Monday, November 17, 2025, from the telephone number, 614-466-5141, and told Welch that he had been unblocked from posting on the Joe Miller for Ohio Facebook page. Miller denies, however, that any member of his staff has the title, "Office Manager," as alleged in Paragraph 7 of the Complaint. Except as admitted herein, the allegations of Paragraph 7 of the Complaint are denied.

8. The allegations of Paragraph 8 of the Complaint are denied. Answering further, Miller states that there are no persons who meet the description set forth in Paragraph 8 of the Complaint.

[Jurisdiction and Venue]

9. The allegations of Paragraph 9 set forth a legal conclusion for which no response is required. To the extent that a response is required, Miller admits that the Court has subject matter jurisdiction over federal claims under 28 U.S.C. § 1331, but denies that the Court has subject matter jurisdiction over the State of Ohio or any damages claims against Miller in his official capacity under the Eleventh Amendment of the United States Constitution. Moreover, Miller states that Welch lacks standing to prosecute any claims for prospective declaratory and injunctive relief under Article III of the United States Constitution. Except as admitted herein, the allegations of Paragraph 9 are denied.

10. The allegations of Paragraph 10 set forth a legal conclusion for which no response is required. To the extent that a response is required, the allegations of Paragraph 10 of the Complaint are denied.

11. The allegations of Paragraph 11 set forth a legal conclusion for which no response is required. To the extent that a response is required, the allegations of Paragraph 11 of the Complaint are denied. The Court does not have the jurisdiction or the authority to grant declaratory or injunctive relief in this case.

12. The allegations of Paragraph 12 set forth a legal conclusion for which no response is required. To the extent that a response is required, the allegations of Paragraph 12 of the Complaint are denied for lack of knowledge.

13. Miller admits that Plaintiff brings official-capacity claims for declaratory and prospective relief and individual-capacity claims for damages, but denies the remaining allegations of Paragraph 13 of the Complaint.

[Legal Framework]

14. The allegations of Paragraph 14 set forth a legal conclusion for which no response is required. To the extent that a response is required, Miller states that 42 U.S.C. § 1983 speaks for itself, and Miller denies any allegations that are inconsistent with the plain language of the statute as a whole.

15. The allegations of Paragraph 15 set forth a legal conclusion for which no response is required. To the extent that a response is required, Miller states that the Supreme Court's opinion in *Lindke v. Freed*, 601 U.S. 187 (2024), speaks for itself, and Miller denies any allegations that are inconsistent with the Lindke opinion. Answering further, Miller admits that the Surpeme Court in *Lindke* held that "a public official's social-media activity constitutes state action under § 1983 only if the official (1) possessed actual authority to speak on the State's behalf, and (2) purported to exercise that authority when he spoke on social media." *Id.* at 198.

16. The allegations of Paragraph 16 set forth a legal conclusion for which no response is required. To the extent that a response is required, the allegations of Paragraph 16 of the Complaint are denied. The slip opinion cited in Paragraph 16 speaks for itself, and is not accurately quoted in Paragraph 16 of the Complaint.

17. The allegations of Paragraph 17 set forth a legal conclusion for which no response is required. To the extent that a response is required, the allegations of Paragraph 17 of the Complaint are denied.

18. The allegations of Paragraph 18 set forth a legal conclusion for which no response is required. To the extent that a response is required, Defendant admits that the Sixth Circuit held in *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999), that "[a] retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Id.* at 394. The Sixth Circuit further held, however, that "this formulation describes retaliation claims in general, but it will yield variations in different contexts," and that "it is not necessarily true, however, that every action, no matter how small, is constitutionally cognizable." *Id.* at 394, 396. Indeed, since *Thaddues-X* was decided, the Supreme Court held in *Lindke* that a First Amendment claim cannot arise against a governmental official as a matter of law unless both parts of the applicable state action test have been met. Accordingly, Defendant denies that he can be held liable for a First Amendment retaliation claim under the applicable legal standards.

[Factual Allegations]

19. Miller admits that Plaintiff is a constituent and a member of the general public, but denies the remaining allegations of Paragraph 19 of the Complaint for lack of knowledge.

20. Miller admits that the "Joe Miller for Ohio" Facebook page is Representative Miller's Facebook page, but denies the remaining allegations of Paragraph 20 of the Complaint.

21. The allegations of Paragraph 21 of the Complaint are denied.

22. The allegations of Paragraph 22 of the Complaint are denied for lack of information and knowledge. Defendant is not able to confirm whether Exhibit D is a true and accurate

screenshot of an October 30 Facebook post because Defendant did not take the screenshot that is attached to the Complaint. Thus, the allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 of the Complaint are denied for lack of information and knowledge. Defendant is not able to confirm whether Exhibit A is a true and accurate screenshot of an November 14 Facebook post and tag activity because Defendant did not take the screenshot that is attached to the Complaint. Thus, the allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 of the Complaint are denied for lack of information and knowledge. Defendant is not able to confirm whether Exhibit B is a true and accurate screenshot because Defendant did not take the screenshot that is attached to the Complaint. Thus, the allegations of Paragraph 24 are denied.

25. The allegations of Paragraph 25 of the Complaint are denied for lack of information and knowledge.

26. The allegations of Paragraph 26 of the Complaint are denied for lack of information and knowledge.

27. Miller admits that the inadvertent block temporarily prevented Plaintiff from interacting with the "Joe Miller for Ohio" Facebook page for a short period of time, but denies the remaining allegations of Paragraph 27.

28. Miller admits that Plaintiff emailed Miller's office, but denies the remaining allegations of Paragraph 28.

29. Miller admits that Miller's staff member called Plaintiff to inform him that he was no longer blocked from posting on the Joe Miller for Ohio Facebook page, but denies the remaining allegations of Paragraph 29 of the Complaint.

30. The allegations of Paragraph 30 of the Complaint are denied.

31. The allegations of Paragraph 31 of the Complaint are denied for lack of knowledge.

32. The allegations of Paragraph 32 of the Complaint are admitted.

33. The allegations of Paragraph 33 of the Complaint are denied for lack of knowledge.

34. Miller admits that Plaintiff contacted Miller's office on numerous occasions after the blocking was remedied and sent two demand letters in which he requested a new Ford F-250 and $100,000 as compensation for the alleged First Amendment violation, but denies the remaining allegations of Paragraph 34 of the Complaint. Defendant further denies that he is liable for any First Amendment violation or that Welch is entitled to any damages or other compensation for any alleged First Amendment violation.

35. The allegations of Paragraph 35 of the Complaint are denied.

36. The allegations of Paragraph 36 of the Complaint are denied for lack of information and knowledge. Miller has no knowledge or involvement in any "parking" issues that Welch allegedly had with the City of Lorain. To the extent that any of the allegations in Paragraph 36 are directed toward Miller, such allegations are denied.

37. The allegations of Paragraph 37 of the Complaint are denied for lack of information and knowledge. Miller has no knowledge or involvement with any "parking" issues that Welch allegedly had with the City of Lorain. To the extent that any of the allegations in Paragraph 37 are directed toward Miller, such allegations are denied.

38. The allegations of Paragraph 38 of the Complaint are denied for lack of information and knowledge. Miller has no knowledge or involvement with any "parking" issues that Welch allegedly had with the City of Lorain. To the extent that any of the allegations in Paragraph 38 are directed toward Miller, such allegations are denied.

39. The allegations of Paragraph 39 of the Complaint are denied for lack of information and knowledge. Miller has no knowledge or involvement with any "parking" issues that Welch allegedly had with the City of Lorain. To the extent that any of the allegations in Paragraph 39 are directed toward Miller, such allegations are denied.

40. The allegations of Paragraph 40 of the Complaint are denied for lack of knowledge.

41. The allegations of Paragraph 41 of the Complaint are denied for lack of knowledge.

42. The allegations of Paragraph 42 of the Complaint are denied for lack of knowledge.

43. Miller admits that Plaintiff contacted Miller's office by email and social media on numerous occasions, but denies the remaining allegations of Paragraph 43 of the Complaint.

44. Miller admits that Plaintiff sent Miller's office a demand letter, and that Miller did not respond to Plaintiff's demands. Except as admitted herein, the remaining allegations of Paragraph 44 of the Complaint are denied.

45. Miller admits that Plaintiff's first demand letter requested a new Ford F-250, and that Plaintiff's second demand letter requested $100,000, and that Miller did not respond to Plaintiff's demands. Except as admitted herein, the remaining allegations of Paragraph 45 of the Complaint are denied.

46. The allegations of Paragraph 46 of the Complaint are denied for lack of knowledge.

47. The allegations of Paragraph 47 of the Complaint are denied for lack of knowledge.

48. In response to the allegations of Paragraph 48 of the Complaint, Miller admits that Plaintiff communicated his veteran status to Miller's office, but denies the remaining allegations of Paragraph 48 of the Complaint.

49. In response to the allegations of Paragraph 49 of the Complaint, Miller admits that Plaintiff communicated his veteran status to Miller's office, but denies the remaining allegations of Paragraph 49 of the Complaint.

50. The allegations of Paragraph 50 of the Complaint are denied for lack of knowledge.

51. In response to the allegations of Paragraph 51 of the Complaint, Miller admits that on June 26, 2026, the "Joe Miller for Ohio" Facebook page posted a campaign event flyer. Plaintiff commented on the "Joe Miller for Ohio" Facebook post that "this would be a great venue for you and I to meet to discuss the demand letter for violating my rights to free speech you continue to ignore," and that Miller responded to Welch's comment. Miller's response is not accurately stated in Paragraph 51 of the Complaint. Except as admitted herein, Miller denies the remaining allegation of Paragraph 51 of the Complaint.

52. The allegations of Paragraph 52 of the Complaint are denied.

53. Miller admits that Miller is currently running for election to the Ohio Senate, but denies the remaining allegation of Paragraph 53 of the Complaint.

54. The allegations of Paragraph 54 of the Complaint are denied.

[Causes of Action]

[Count I]

55. Defendant incorporates by reference his answers to Paragraphs 1 through 54 of the Complaint as if fully restated herein.

56. The allegations of Paragraph 56 of the Complaint are denied.

57. The allegations of Paragraph 57 of the Complaint are denied.

58. The allegations of Paragraph 58 of the Complaint are denied.

59. The allegations of Paragraph 59 of the Complaint are denied.

60. The allegations of Paragraph 60 of the Complaint are denied.

61. The allegations of Paragraph 61 of the Complaint are denied.

62. The allegations of Paragraph 62 of the Complaint are denied.

63. The allegations of Paragraph 63 of the Complaint are denied.

[Count II]

64. Defendant incorporates by reference his answers to Paragraph 1 through 63 of the Complaint as if fully incorporated herein.

65. The allegations of Paragraph 65 of the Complaint are denied.

66. The allegations of Paragraph 66 of the Complaint are denied.

67. The allegations of Paragraph 67 of the Complaint are denied.

68. The allegations of Paragraph 68 of the Complaint are denied.

69. The allegations of Paragraph 69 of the Complaint are denied.

70. The allegations of Paragraph 70 of the Complaint are denied.

[Count III]

71. Defendant incorporates by reference the foregoing answers to Paragraphs 1 through 70 of the Complaint as if fully rewritten herein.

72. The allegations of Paragraph 72 of the Complaint are denied.

73. The allegations of Paragraph 73 of the Complaint are denied.

74. The allegations of Paragraph 74 of the Complaint are denied.

75. The allegations of Paragraph 75 of the Complaint are denied.

76. Miller admits that Plaintiff does not seek damages from the State of Ohio or Miller in his official capacity, and that Welch's official capacity claims against Miller are solely for the purpose of seeking prospective declaratory and injunctive relief. Defendant denies, however, that

Plaintiff is entitled to any prospective declaratory or injunctive relief. Except as admitted herein, the allegations of Paragraph 76 are denied.

[Damages]

77. The allegations of Paragraph 77 of the Complaint are denied.

78. The allegations of Paragraph 78 of the Complaint are denied.

79. The allegations of Paragraph 79 of the Complaint are denied.

80. The allegations of Paragraph 80 of the Complaint are denied.

[Prayer for Relief]

81. The allegations set forth in the Prayer for Relief are denied. Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

82. The Complaint fails to state a claim upon which relief can be granted.

83. Miller is entitled to qualified immunity for the claims alleged in the Complaint.

84. The claims alleged in the Complaint also may be barred, in whole or in part, by the affirmative defenses of sovereign immunity, legislative immunity, public duty immunity, discretionary immunity, and any other type of statutory or common law immunity granted federal and state law.

85. Plaintiff cannot satisfy the state action requirement for his alleged claims.

86. The claims for declaratory and injunctive relief should be dismissed for lack of standing.

87. The claims may be subject to dismissal, in whole or in part, on mootness grounds.

88. The claims in the Complaint and any damages relating thereto may be barred or limited, in whole or in part, by the Plaintiff's failure to mitigate damages.

89. The claims in the Complaint may be barred or limited, in whole or in part, by the statutory and common law defenses of set-off or the collateral source rule.

90. Plaintiff's request for punitive damages may be barred, in whole or in part, by the constitutional limitations on punitive damages provided for by the Due Process Clause of the United States Constitution and other applicable case law.

91. As a self-represented individual, Plaintiff is not entitled to the recovery of attorney fees under 42 U.S.C. § 1988, and any request for attorney's fees and costs may be limited or barred, in whole or in part, by limitations on the reasonableness and scope of attorney fee awards imposed by federal law.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint, Defendant Joseph A. Miller, III ("Miller") respectfully requests that the Court enter a final judgment that dismisses the Complaint in its entirety, with prejudice, and awards the costs incurred (including reasonable attorney fees) in defending this action, and grant any further relief that may be just or appropriate.

Respectfully submitted,

*/s/ Stephen W. Funk*

Stephen W. Funk (0058506)
Alexandra A. Wright (0105006)
ROETZEL & ANDRESS, LPA
222 S. Main Street, Suite 400
Akron, Ohio 44308
Telephone: (330) 376-2700
sfunk@ralaw.com

*Counsel for Defendant Joseph A. Miller, III*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August, 2026, the *Defendant Joseph A. Miller's Answer To Plaintiff's Complaint* was served via both U.S. Mail and electronic mail upon Plaintiff Thomas Welch at the address listed on the Complaint, 3608 Edgewood Drive, Lorain, Ohio 44053, thomaswelch43207@yahoo.com

*/s/ Stephen W. Funk*
Stephen W. Funk (0058506)